UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 25-449 (JNE/DJF)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER STEVEN BACK,<br><br>Defendant. | ) | **DEFENDANT'S MOTION TO DISMISS COMPLAINT AND INDICTMENT BASED ON VINDICTIVE AND SELECTIVE PROSECUTION** |

The defendant, Alexander Back, by and through his attorney, Ryan P. Garry, respectfully moves the Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(iv), for an Order dismissing the Complaint and Indictment because the government's prosecution of Mr. Back constitutes a vindictive and selective prosecution in violation of Mr. Back's constitutional rights as guaranteed by the due process clause.

This motion is based on the Indictment, the records and the proceedings herein, the following argument, such testimony as may be presented at the motion hearing, and post-hearing briefing, which the Court may require thereafter.

## FACTS

The Bloomington Police Department, along with other law enforcement agencies, initiated an undercover prostitution sting targeting solicitation of minors for sexual conduct called "Operation Creep." Law enforcement placed ads on multiple websites offering prostitution by an adult—an individual identified as being 19-year-old "Bella." The ads were placed a couple days before the start of the sting. The photographs in the advertisement were actually of a 27-year-old undercover female police officer. The ad had a phone number listed for the purpose of contacting the undercover officer. On November 14, 2025, the number listed in

the ad received a text from an individual later determined to be Mr. Back. Mr. Back and a different officer—Bloomington Police Detective Jacob Lucas posing as "Bella"—sent multiple messages back and forth. Initially, Mr. Back agreed to spend an hour with who he thought was "Bella" for $200.00. After this agreement was established, "Bella" changed her age and said she was 17 years old. Mr. Back said he would not be mad about her age and agreed to still meet. They discussed whether a condom would be used. "Bella" again asked if Mr. Back was okay with her being 17 years old. Mr. Back replied asking if she was with law enforcement, which she denied. Ultimately, Mr. Back followed "Bella's" instructions and arrived at a condominium building in Bloomington. The code he was given to enter the building did not work, and he was arrested as he came out of the building on November 14, 2025. As he was arrested, Mr. Back said, "I work for ICE, boys."

Mr. Back's case was initially filed in Hennepin County District Court. He was charged with Felony Prostitution—Actor Hires or Agrees to Hire and Reasonably Believes Under 18 but at least 16, in violation of Minn. Stat. § 609.324, subdiv. 1(c)(3). This offense, in state court, states, "Whoever intentionally does any of the following may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both . . . hires or offers or agrees to hire an individual who the actor reasonably believes to be under the age of 18 years but at least 16 years to engage in sexual penetration or sexual contact." This offense does not require predatory registration under state law. MINN. STAT. § 243.166, subdiv. 1b(a)(2)(iii). It is a severity level 3 offense, which calls for a stayed sentence (probation with stayed prison time) unless the defendant's criminal history score is 4 or higher. MINN. SENT. GUIDELINES 4.A.

In addition to Mr. Back, 15 other individuals were arrested during the sting operation. In a news conference, Bloomington Police Chief Booker stated regarding Mr. Back:

> Next, this one shames. This is a tragedy in many respects, but—. People at the Department of Homeland Security—I know there are great people there, they come to work every single day, and do their jobs, and do it admirably. Unfortunately, Mr. "Recently Married" Back, here, is not one of those people. He works for ICE, and he is an auditor for them, a civilian employee. When he was arrested, he said, "I'm ICE, boys." Well, you know, unfortunately for him, we locked him up, put in him our jail. He got "reappropriated" to our jail. And my understanding is, he helped send people to federal authorities, I think he's going to see some federal authorities because I think the feds are going to take this case.[1]

In a similar sting operation by the Bloomington Police Department called "Operation I Can't Help Myself," 14 individuals were arrested in March 2025. Of these 30 individuals total, only five (5) have been federally charged, including Mr. Back and Justin Eichorn (former Minnesota State Senator). Of the others charged in Hennepin County District Court, four (4) have resolved their cases and been sentenced. Three (3) of those individuals received a stay of imposition (meaning they have a felony conviction, but upon successful completion of probation, the felony conviction will become a misdemeanor conviction), probation, and no jail time. The other individual received a gross misdemeanor sentence and conviction with probation and no jail time.

In short, Mr. Back was facing a presumptive probationary sentence in Hennepin County District Court. On November 18, 2025, Mr. Back was federally charged via criminal complaint with 18 U.S.C. § 2422(b)—Attempted Enticement of a Minor. On November 20, 2025, he was indicted on the same offense. Now, Mr. Back faces a 10-year mandatory minimum.

## ARGUMENT

### A. Mr. Back's Prosecution is Vindictive, and thus, the Complaint and Indictment Should Be Dismissed

Even though prosecutors have "broad discretion" in charging cases, "[a] prosecution designed solely to punish a defendant for exercising a valid legal right violates due process."

[1] Available at https://www.youtube.com/watch?v=9bU6KoL4H0Q at 9:09 minutes.

*United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004). To establish a vindictive prosecution, "[i]t is the defendant's burden to show that the prosecution was brought in order to punish the defendant for the exercise of a legal right." *Id.* at 961. "A vindictive or improper motive may be proved either by direct or circumstantial evidence." *Id.* The defendant must show "bad faith or maliciousness" by the prosecutor. *United States v. Scott*, 610 F.3d 1009, 1017 (8th Cir. 2010). "A defendant can establish prosecutorial vindictiveness through objective evidence that the prosecutor's decision to seek a more severe sentence was intended to punish the defendant for the exercise of a legal right." *United States v. Campbell*, 410 F.3d 456, 461 (8th Cir. 2005) (citing *United States v. Rodgers*, 18 F.3d 1425, 1429 (8th Cir. 1994)).

The prosecution in this case is vindictive because it is solely motivated by the fact that government is unable to obtain a lengthy period of incarceration in state court. The facts in the state case and the federal case are exactly the same. The only difference, then, is the potential sentence. Thus, the United States Attorney's Office charged Mr. Back with violation of 18 U.S.C. § 2422(b), which carries a 10-year mandatory minimum sentence. On the other hand, the corresponding charge in state court carries a presumptive probationary sentence; in fact, defendants who have been sentenced in state court have received just that—probation with no jail time. The government is using the same factual allegations used to secure the state criminal complaint to vindictively retaliate against Mr. Back because of his employment with Homeland Security and his statement that he works with ICE—his First Amendment right to free speech. In Bloomington Police Chief Booker's press conference, he specifically referenced Mr. Back's job with Homeland Security and Mr. Back's statement to police about working with ICE before stating that he thought Mr. Back would be charged federally.

The foregoing facts establish that Mr. Back has been subjected to a vindictive prosecution: the facts in the state and federal case are identical, the vastly different sentences between state and federal court, and the only difference between him and others not charged federally is his federal employment and statement to police.

**B. Mr. Back's Prosecution is Selective, and thus, the Complaint and Indictment Should Be Dismissed**

As stated above, and defense counsel so acknowledges, the government has "broad discretion" in determining who to federally prosecute. *United States v. White*, 928 F.3d 734, 742 (8th Cir. 2019) (citations omitted). This discretion, however, is "[s]ubject to constitutional constraints." *Id.* "One of these constraints, imposed by the equal protection component of the Due Process Clause of the Fifth Amendment, is that the decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id.* (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (citation omitted)).

Selective prosecution requires a defendant to show "1) that he has been singled out for prosecution while others similarly situated have not been prosecuted for similar conduct and 2) that the government's action in thus singling him out was based on an impermissible motive such as race, religion, or the exercise of constitutional rights." *United States v. Leathers*, 354 F.3d 955, 963 (8th Cir. 2004) (quoting *United States v. Parham*, 16 F.3d 844, 846 (8th Cir. 1994)). Regarding the first prong, the Eleventh Circuit:

> define[s] a "similarly situated" person for selective prosecution purposes as one who engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant—so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan—and against whom the evidence was as strong or stronger than that against the defendant.

*United States v. Smith*, 231 F.3d 800, 810 (11th Cir. 2000); cited by *White*, 928 F.3d at 743. The defendant does not need to show that no one else was prosecuted for the same conduct, just "[t]hat others are *generally not* prosecuted for the same conduct." *United States v. Wilson*, 639 F.2d 500, 503 (9th Cir. 1981) (emphasis added). Regarding the second prong, the exercise of a defendant's constitutional rights includes First Amendment rights. *See United States v. Falk*, 479 F.2d 616, 620 (7th Cir. 1973) ("And, just as discrimination on the basis of religion or race is forbidden by the Constitution, so is discrimination on the basis of the exercise of protected First Amendment activities . . . .").

As applied to Mr. Back, he was one of 30 individuals caught in two very similar stings. Of those 30 individuals, only five (5) have been federally charged, including Mr. Back and Justin Eichorn (former Minnesota State Senator). Thus, 25 have not been federally charged. Because only five (5) of 30 similarly-situated individuals were federally charged, one being Mr. Back, his prosecution violates the Equal Protection and Due Process Clauses and, thus, he was selectively prosecuted.

Next, he was singled out, as stated by Bloomington Police Chief Booker, because he worked for Homeland Security and told the arresting officers that he worked for ICE, which was a constitutionally protected statement under the First Amendment to the United States Constitution. This constitutes an impermissible motive to federally charge Mr. Back with a 10-year mandatory minimum offense.

## CONCLUSION

For these reasons and for those that will be provided in further post-hearing briefing, the Complaint and Indictment should be dismissed due to vindictive and selective prosecution.

Respectfully submitted,

**RYAN GARRY, ATTORNEY, LLC**

Dated: February 27, 2026

s/ Ryan Garry

Ryan P. Garry (Attorney No. 0336129)
Attorneys for Defendant
333 South Seventh Street, Suite 2350
Minneapolis, MN 55402
Phone: (612) 436-3051
Fax: (612) 436-3052
ryan@ryangarry.com