UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 25-449 (JNE/DJF)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S PRE-HEARING MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS** |
| ALEXANDER STEVEN BACK, Defendant. | ) | |

## INTRODUCTION

The defendant, Alexander Back, by and through his attorney, Ryan P. Garry, has moved the Court for an Order suppressing his November 14, 2025 statements to Bloomington police officers following his arrest as well as all other statements made on November 14, 2025 in the absence of any *Miranda* warning and without a waiver of his *Miranda* rights, and any and all derivative evidence obtained.

## FACTS

As relevant to this issue, on November 14, 2025, three Bloomington police officers, including Detective Jacob Lucas, approached Mr. Back as he was exiting a building. One officer immediately told Mr. Back he was under arrest and began the process of handcuffing him. While this occurred, Mr. Back asked what he did, and an officer responded that they would talk about that. While the officers continued their process, Mr. Back said, "I work for ICE, boys." He was then asked whether he was a sworn or civilian employee, to which Mr. Back responded, "civilian."

Mr. Back was placed in a locked squad car and transported to the Bloomington Police Department. While in the squad car, Bloomington Police Officer Ryan Banaszewski asked him

for his name, to which he responded, and then asked him for his phone number, to which he did not respond.

At the police station, Mr. Back was brought into an interview room by Det. Lucas. Det. Lucas asked Mr. Back basic demographic information, such as name, date of birth, age, address, phone number, and employment. Det. Lucas then read Mr. Back his *Miranda* rights. Mr. Back responded in the affirmative to the question of whether he understood his rights. When asked if he would waive his rights and give a statement, Mr. Back did not waive his rights, but responded with asking what was going on with him. Det. Lucas informed Mr. Back that he was arrested for soliciting a minor for sex, a felony. Mr. Back then made a statement and incriminated himself. Prior to the statement, he did not waive his rights.

## ARGUMENT

Mr. Back makes this motion based on the Fourth and Fifth Amendments of the United States Constitution, Rule 12 of the Rules of Criminal Procedure, all records and files in this case, the interests of justice, and all other arguments that may be presented to this Court. Additionally, Mr. Back respectfully requests an evidentiary hearing to address this motion. Mr. Back anticipates Det. Lucas being the sole witness to testify, though this may change based upon further discussions with the government.

Mr. Back was arrested and handcuffed on November 14, 2025 as he was exiting a building in Bloomington, Minnesota. Law enforcement officers explicitly informed Mr. Back he was "under arrest" as soon as they approached him. At this time, Mr. Back was in custody. Mr. Back was not provided a *Miranda* warning or advised of his rights pursuant to *Miranda*. *United States v. New*, 491 F.3d 369, 373 (8th Cir. 2007) (*Miranda* warnings are required when a person is taken into custody).

"Interrogation occurs only when there is express police questioning or its 'functional equivalent,' which means 'words or actions *on the part of the police* . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect.'" *United States v. Bailey*, 831 F.3d 1035, 1038 (8th Cir. 2016) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 300–01 (1980)) (emphasis added by *Bailey*).

To admit statements, the prosecution bears the burden of proving by a preponderance of the evidence that Mr. Back waived his *Miranda* rights and that the waiver was voluntary. *See Colorado v. Connelly*, 479 U.S. 157, 168 (1986); *Lego v. Twomey*, 404 U.S. 477, 489 (1972). A waiver of *Miranda* must be knowing, intelligent, and voluntary. *Moran v. Burbine*, 475 U.S. 412, 421 (1986); *United States v. Woods*, 829 F.3d 675, 680 (8th Cir. 2016) (citation omitted). "[T]he waiver must have been made with a full awareness of both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.*

Reviewing courts must look to the totality of the circumstances surrounding the interrogation to answer these inquires. *Id.*; *see, e.g.*, *Tague v. Louisiana*, 444 U.S. 469, 471 (1980) (per curiam). "[A] valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained." *Miranda v. Arizona*, 384 U.S. 436, 475 (1966). In *Woods*, the defendant's *Miranda* waiver was valid when he was read his *Miranda* rights, "acknowledged that he understood his rights, agreed to speak with the officers," and confessed. 829 F.3d at 680.

A valid waiver "may be made in writing on a printed format or it may be made orally by replying to questions . . . ." *United States v. Zamarripa*, 544 F.2d 978, 981 (8th Cir. 1976) (citations omitted). However, "[t]he validity of a waiver is to be determined from all of the surrounding circumstances." *Id.* (citation omitted). There must be "evidence that the defendant

knew and understood his rights, and voluntarily answered questions." *Id.* The waiver "must be the product of a free and deliberate choice rather than intimidation, coercion, or deception," and the defendant "must have a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Phillips*, 506 F.3d 685, 687 (8th Cir. 2007) (citation and inner quotation marks omitted). If the defendant "does not claim that he was intimidated, coerced, or deceived, the question is whether he sufficiently understood the nature and consequences of his waivers." *Id.*

The sole remedy for a *Miranda* violation is the suppression of the tainted confession. *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976).

As applied to Mr. Back, he was undoubtedly in custody when he was approached by three law enforcement officers, arrested, and handcuffed. At that point, he should have been read his *Miranda* rights or asked no questions whatsoever. While the discussion was not about the offense, but rather about his employment, he was still asked questions while in custody without being read his *Miranda* rights. The same applies to his detention in the squad car. While he was only asked about his name and phone number (he did not provide his phone number but did verify his name), he was still in custody and questioned.

At the police station, Mr. Back confirmed he understood his *Miranda* rights when Det. Lucas read them to him. After being asked if he would waive them and give a statement, Mr. Back only asked what was going on with him. Notably, he did not waive his rights before providing an incriminating statement. Because he did not waive his *Miranda* rights, Det. Lucas should have ended the interrogation. Det. Lucas' words and actions elicited Mr. Back's incriminating statements.

Respectfully submitted,

**RYAN GARRY, ATTORNEY, LLC**

Dated: February 27, 2026

s/ Ryan Garry

Ryan P. Garry (Attorney No. 0336129)
Attorneys for Defendant
333 South Seventh Street, Suite 2350
Minneapolis, MN 55402
Phone: (612) 436-3051
Fax: (612) 436-3052
ryan@ryangarry.com